UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

OTHELLO MUCKLE, JUAN TORRES, ROBERT SETTLE,

                                         Plaintiffs,

                -against-

THE CITY OF NEW YORK, POLICE COMMISSIONER RAYMOND W. KELLY, DEPUTY CHIEF MICHAEL MARINO, OFFICER CARMELO MELENDEZ, DETECTIVE JAY POGGI, OFFICER MICHAEL WEISS, SERGEANT WILLIE ABREU, JOHN DOE #1-5,

                                      Defendants.

------------------------------------------------------------ x



FIRST AMENDED COMPLAINT AND JURY DEMAND

06-CV- 4628

ECF CASE

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiffs seek relief for the violation of their rights secured by 42 USC §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2.    The claim arises from a March 29, 2005 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiffs to, inter alia, trespass, false arrest, excessive force, and false imprisonment.

3.    Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.    This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth

and Fourteenth Amendments to the United States Constitution.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiffs are citizens of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. The Commissioner is sued in his individual and official capacities.

10. Deputy Chief Michael Marino was at all times here relevant the Commanding Officer of the 75th Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants.

12. All other individual defendants are members of the NYPD, and are sued in their individual and official capacities.

13. At all times here mentioned defendants were acting under color of state law, to

wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14. Within 90 days of the events giving rise to this claim, plaintiffs filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15. On March 29, 2005, at approximately 10:23 P.M., plaintiffs were in the vicinity of 353 Shepard Avenue in Brooklyn when they were stopped and searched by the defendant police officers without reasonable suspicion, probable cause or with any reasonable belief that the officers were in danger. Officers then unlawfully entered the home of Othello Muckle without authority or consent.

16. The defendant officers assaulted and battered plaintiffs, causing serious injuries.

17. The defendant officers then arrested plaintiffs without probable cause.

18. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiffs.

20. As a direct and proximate result of the acts of defendants, plaintiffs suffered the following injuries and damages:

    a.    Violation of their rights pursuant to the Fourth and Fourteenth

Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

  b. Violation of their right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

  c. Physical pain and suffering, requiring the expenditure of money for treatment;

  d. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, and property damage;

  g. Loss of liberty;

  h. Attorney's and court fees.

## FIRST CAUSE OF ACTION
### (ASSAULT)

21. Paragraphs one through twenty are here incorporated by reference.

22. Upon approaching plaintiffs, and arresting them, defendants made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

23. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

24. Plaintiffs were damaged by defendants' assault in the amount of Five Hundred Thousand ($500,000.00) Dollars.

### SECOND CAUSE OF ACTION
### (BATTERY)

25. Paragraphs one through twenty-four are here incorporated by reference.

26. Defendants engaged in and subjected plaintiffs to immediate harmful and/or offensive touching and battered them.

27. Defendants used excessive and unnecessary force with plaintiffs.

28. Defendants have deprived plaintiffs of their civil, constitutional and statutory rights and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

29. Plaintiffs were damaged by the battery of the defendants in the amount of Five Hundred Thousand ($500,000.00) Dollars.

### THIRD CAUSE OF ACTION
### (TRESPASS)

30. All preceding paragraphs are here incorporated by reference.

31. Defendants voluntarily and intentionally entered upon plaintiff Othello Muckle's real property without consent.

32. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under New York State common law, 42 USC §1983 and the New York State Constitution.

33. As a result of the trespass, plaintiff was damaged in the sum of Five Hundred Thousand ($500,000.00) Dollars.

### FOURTH CAUSE OF ACTION
### (42 USC § 1983)

34. All preceding paragraphs are here incorporated by reference.

35. Defendants have deprived plaintiffs of their civil, constitutional and statutory

rights under color of law and have conspired to deprive them of such rights and are liable to plaintiffs under 42 USC § 1983.

36. Defendants' conduct deprived plaintiffs of their right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiffs of their right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

37. Plaintiffs have been damaged as a result of defendants' wrongful acts in the amount of Five Hundred Thousand ($500,000.00) dollars.

## FIFTH CAUSE OF ACTION
(MUNICIPAL LIABILITY)

38. All preceding paragraphs are here incorporated by reference.

39. The City, the Commissioner, the Deputy Chief are liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants.

40. The City, the Commissioner, the Deputy Chief knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

41. The aforesaid event was not an isolated incident. The City, the Commissioner, and the Deputy Chief have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on the proper basis for an arrest, and the observations required to support probable cause. The City, Commissioner, and Deputy Chief are further aware, from the same sources, that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Commissioner, and Deputy Chief fail to discipline officers for not

reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers, or their supervisors, of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, the City, Commissioner, and Deputy Chief have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiffs' civil rights, without fear of reprisal.

42. The City, the Deputy Chief, the Commissioner knew or should have known that the officers who caused plaintiffs' injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the Commissioner, the Deputy Chief and the Inspector failed to take corrective action. Without proper supervision not only is this abusive behavior ignored, it is condoned.

43. The City, Deputy Chief, and Commissioner have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

44. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, the Deputy Chief, and the Commissioner to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiffs' rights here alleged.

45. Defendants City of New York, the Commissioner, and the Deputy Chief have damaged plaintiffs by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

46. Plaintiffs have been damaged as a result of the wrongful, negligent and illegal acts of the City, the Commissioner, and the Deputy Chief in the amount of Five Hundred Thousand ($500,000.00) dollars.

WHEREFORE, plaintiffs demand judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiffs in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiffs' Causes of Action;

B. Awarding plaintiffs punitive damages in the amount of Five Hundred Thousand ($500,000.00) dollars for each of plaintiffs' Causes of Action;

C. Awarding plaintiffs reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.


DATED:   Brooklyn, New York
         March 20, 2007

TO:   New York City
      Corporation Counsel Office
      100 Church Street, 4th floor
      New York, NY 10007

      Police Commissioner Raymond W. Kelly
      1 Police Plaza
      Room 1406
      New York, NY 10006

      Deputy Chief Michael Marino
      Patrol Bureau Brooklyn North
      [illegible] Wilson Ave.
      Brooklyn, NY 11237

      Officer Carmelo Melendez
      75th Precinct
      1000 Sutter Avenue
      Brooklyn, NY 11208

      Police Officer Weiss
      75th Precinct
      1000 Sutter Avenue
      Brooklyn, NY 11208

      Sergeant Abreu
      Patrol Borough Brooklyn North Task Force
      179 Wilson Ave.
      Brooklyn, NY 11237

      Detective Jay Poggi
      75th Precinct
      1000 Sutter Avenue
      Brooklyn, NY 11208

Yours, etc.,

*Nicole Bellina*

NICOLE BELLINA, ESQ.
Bar #NB7154
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-4491
nicole_bellina@yahoo.com

9